Your argument is 15-1619 of Aviva Sports, Inc. v. Fingerhut Direct Marketing. Is it Mr. Lobben? Mr. Lobben, yes. Thank you, Your Honor. Good morning to the Court, and may it please the Court. This appeal involves the same case we've just been discussing for the last half hour, and facts and procedural facts that the Court may recognize from that discussion. But I brought this appeal because the District Court's procedure in assessing sanctions through the orders that it entered, the final judgment that it entered, and a series of orders over the space of just weeks, and the subsequent motion for contempt, had a real impact on my family. And the point of this appeal is that the District Court can do better and should do better. You might suggest to listen to the question of the Chief Judge. I just wanted to get that first. No, I appreciate that. But what is it you're appealing here? I'm appealing the District Court's order in late 2014 at the hearing, which motion was then held open until a final order came out in January of 2015, which we subsequently appealed 30 days later. The Court said, I order you to pay the sanctions. Why is that the first time that the District Court said that? Because the District Court never said that before, going back to 2000. Wait, so what order are you appealing? You'd be time-barred to appeal that order. Okay. At the hearing, November of 2014, the District Court had a hearing where it assessed a motion that was penned. It was a motion for contempt. At that hearing, the District Court ordered for the first time, you need to pay sanctions. That is the order that I'm most disposed of, was because there was still fees and cost issues that the Court specifically held open until a final order came out. So that final order came out in February of 2014, and we filed our notice of appeal 30 days later. So that is the first time the Court ordered me to pay $20,000. This was in the contempt proceedings? Yes. Okay, but usually, you typically, you got a sanction that's been awarded. Typically, you would appeal the order, the award of the sanction, not wait until contempt. Contempt proceedings is a question of whether or not, the issue is whether or not you paid or not paid. Well, that's exactly my point on this appeal. The District Court did not do things right. We can do better. We can state things better. We're a District Court judge. We can be clear. We can be concise. We can tell the parties and counsel, what are you ordering? What the District Court here did in 2013 was it said, here's the first order. Guess what? Manly, you are sanctioned $8.5 million. Oh, by the way, on this little $20,000 piece of that, your counsel is jointly and severally liable. Right. No order to pay, just here's the liability. Two weeks later, the court issues another order that says, Manly, you are liable for $8.5 million, including that $20,000. What's missing from the second order is any mention of me, any mention of counsel, any mention of anything. The same amount of money is mentioned, but what changed is in the first order, it says Manly. So you thought that you were no longer liable after you had a sanctions order that was quite explicit, and you think that that somehow was removed from the equation? The way I read orders, and I've been doing this a long time, is that when you have a first order that says one thing, second order addresses the exact same subject matter and changes something, that the second order replaces the first order. So yes, I read that second order to say the court is saying that my client is liable for $8.5 million. Wait, did the second order say this supersedes or retract in any way the July 12th order? No, it didn't say that, but it said let judgment be entered accordingly, and then the third order was actually the final judgment, which restated the second order, and again, did not mention me, did not mention counsel. So you ended up paying this voluntarily, right? No, no, I paid it because of the order I'm appealing, which was the court's statement at the hearing in November 14 that said, I don't care about all that 15 months ago, you're ordered to pay. Tell me when you can pay. So you were ordered to pay it, and you did pay it. I was ordered to pay it, and under the duress of the threat of, and if you don't, there's going to be fees and costs and everything else. So yes, I paid it, and then I was going to appeal it right away, but guess what? Hanging over my head was holding open the motion. We could still get fees, even though I paid, we could still get fees assessed, we could still get costs assessed. I don't want to pay those, so I'm not going to file a notice of appeal prematurely, notwithstanding this court's admonition. Your last decision was the denial of additional sanctions, and you basically won that, right? So doesn't that mean you lack jurisdiction to be here? I read their argument. Look, there was a motion pending. The district court addressed several issues while considering that motion. On the first issue, it said at the hearing, you're not paying, then I pay. Then later, the court addressed the other issues within that same motion, then came out with a written order that says on those other issues, no fees, no costs, the matter is now disposed of. In my practice in the district court, and with this court's admonitions of not filing premature notices of appeal, I waited until that court finally disposed of the motion, all the matters within that motion. So the decision within the disposition of that motion that I'm appealing is the first decision made at the hearing that said, you're ordered to pay, which was the first time I was ordered to pay anything. So that's the jurisdictional argument. But if you were—oh, okay. I'm just a little confused about how things went down. If you were ordered to pay, and you were paid, you could have and should have presumably maybe appealed that, but you're saying you couldn't appeal it until later. So why didn't you wait to pay? Why did you pay? Because if I did not pay, then the threat was there's going to be fees assessed, added on to the $20,000. There's going to be costs assessed, added on to the $20,000. And then the final order would have come out at who knows what amount that would be, and then I would appeal. So that didn't seem like a logical option to respond to that duress with any other action other than— But this was in the context of a contempt proceeding, right? Yes. Okay. So that kind of presumes that there's already been a judgment that you're required to pay, and you get contempt for failure to enforce the judgment. Well, certainly one can file—and they did. You can file a contempt motion any time you believe there's been contempt, but the basis for the allegation of contempt was that there was a prior order to pay, which was still pending, and there wasn't. What is striking is that you didn't show up for the last hearing. The district court in the initial order put my name as a shorthand for my law firm because I was lead counsel. I'm the one that did all the summary judgment motions we were just talking about, the winning on all the patent issues. That's what I did in the case. The firm together. It's one sanctioned party. There's not two separate targets of the sanctions. It was my firm, me, whatever you want to call it, whatever shorthand you want to use. The court chose to use that, my last name. So at the hearing, my partner showed up on behalf of the firm, including me, and everybody. I was at a summary judgment hearing in Utah that had been previously scheduled. I couldn't attend. I wasn't trying to not show up. Frankly, this was a long case. You can see there's a lot of litigation involved. I got to know this judge quite well personally. We had in-chambers meetings. I like Judge Erickson. This appeal is about if you want to impose sanctions, then name me in the final judgment. Name me in the final order. You didn't do that. So I don't know. I don't get to go call her up and say, what did you mean by those two things? All I can do is read the final judgment, see that my name has been removed, and presume under the law that I've set forth in the appeal brief that the final judgment supersedes these other prior orders. And make no mistake, this was an order. This was not a coercive order. She wasn't saying the attorney is sanctioned in order to do something or a certain amount per day until you do something. This was the end of the case. This was purely punitive. There was nothing coercive about it. She certainly named you in the July 2013 order. Hanley and Lavin are jointly and severally liable for $20,000. That's right. And then the next order, and then the next order, the final judgment, says the exact same thing, except it doesn't mention anything about Lavin, doesn't mention anything So that's why I'm sitting there thinking, what does she mean? Well, she didn't revoke the previous order. She just didn't have the same detail. Certainly by implication. She's addressing the exact same subject matter. So yes, she did revoke. In my view, it's obvious. I mean, reading the language and the timing of the orders and what was said here and what was then said subsequently and what was said in the final judgment, I'm sitting there thinking, I don't know what's inside her head and I'm not allowed to call her and ask questions. Accepting reasonableness on your part in that regard, when you get the contempt filed against you, then the norm would be, okay, I've got an argument. I wasn't included in the final order. I don't think these sanctions were ever entered against me. And if you lose that in front of the district court, then you come up here and you appeal it to us. That's what I did. But you paid the amount. You paid what was owed. Okay. When a federal judge says at a hearing that in considering this motion, which included many, the motion included several requests. Request one, order Lavin to pay. Request two, give us fees. Request three, give us costs. In disposing of the motion, she disposed of the first thing at the hearing. She said, you've got to pay by 30 days. And because I want to see what happens, I'm holding open the issue of fees, costs, whatever else I want to do. So to me, that means the motion is still pending, hasn't been finally decided yet. And if I want to avoid two and three, I've got to pay. I mean, it seemed obvious to me. She's obviously upset. Once again, what's the standard here? Abuse of discretion? Yes, it's abuse of discretion. But, you know, clearly what I'm trying to do here is just have this court, you know, say to the district court, you know, you're a judge. You have the power of the written word and be clear and concise. And in this case, she was not clear and concise. And she ordered me to pay. I had no choice but to pay. And I'm appealing that order. Okay, you're into your rebuttal. Why don't we hear from the other side? Yes, thank you. Thank you, Your Honor. Please, the court again, Your Honor. Tom Vitt for Aviva. I think maybe the most helpful thing I can do in light of the argument that was just made is just to go through some dates with the court. On July 23rd, 2013, Mr. Lobin and his firm, Eclipse, were sanctioned. There are two different entities. They're both mentioned in the order. And the judge uses Lobin as the shorthand in her order for Lobin and the law firm, Eclipse. And there's no doubt about what the court's intent was. It says Lobin shall be jointly and severally liable for this $20,000 with Manley. So as of July 23rd, 2013, they've been sanctioned and they owe $20,000. On August 6th, 2013, there's an order against Manley incorporating the $20,000 and the other $8 million of liability of findings in Aviva's favor. On August 21st, 2013, judgment is entered against Manley. And again, that includes all the amounts, including the $20,000. Manley appeals, appeals handled by Mr. Lobin. This sanctions issue is not mentioned in the appeal briefing by Manley. They don't dispute it. And this court affirms. On September 11th... But on those subsequent documents, I don't have them right in front of me right now, but they didn't call out, did they call out the $20,000 sanction in the subsequent orders? I don't believe so, but I think it's... Okay, so what do you... I mean, his argument, you heard his argument. His argument is that it was in the first order, but then there were subsequent orders and he fairly read those as having dropped the $20,000 sanction against him. Yeah, and that is an impossible reading and there's a couple reasons for that. One is, it doesn't say that he's been held jointly and severally liable with Manley. It doesn't revoke it at all. Second point to be made is that, as we lay out in our briefing and it hasn't ever been responded to, there's a difference between sanctioning a non-party and entering judgment against a party. When an attorney is sanctioned, there's no judgment entered. There's a sanctions order and a following on contempt proceeding. So it was only natural and in accordance with precedent that the judgment only reflected Manley. But we know that Mr. Robbins' position now is not truthful and correct because on September 11th, 2013, three weeks after this judgment that he now says he thinks led him off the hook, he wrote a letter to the court assuring the court that he understood he had to pay and saying the full amount of that $20,000 has been placed on... squarely and by myself and by my client. No mention at all of saying, Judge, can you clarify this? I'm not sure. It would have been easy to do. Instead, the exact opposite position that's being taken today. The exact opposite. And that stock is $834,000. So in our papers, and all we addressed in the opening part really was jurisdiction. In our papers, we explain why, and I think your honors have addressed this in your opening comments with Mr. Robbins, why he can't appeal the March 30th order because he won. And it's too late to appeal the sanctions order because it's not timely. One defect in our briefing, which I apologize for, is we should have cited to the court the case that was cited in Mr. Robbins' notice of appeal, which is really the governing case on when you appeal a sanctions order. And that's Sanders Associates v. Sum of Graphics, 2-Fed-3, 394, and that's a federal circuit opinion, 1993, in which the federal circuit discusses at some length the different views and the different circuits as to when an attorney who's been sanctioned can appeal that order. And the whole thing in the federal circuit, the law in the federal circuit is you have to wait until final judgment. It's not a collateral order unless there's some unusual circumstance. So his appeal should have been filed in August of, or within 30 days of the August 21, 2013 judgment. So it's not timely, the court doesn't have jurisdiction, but, and I'm going to sit down because it's really a straightforward issue. What we don't hear in the briefing, what we don't hear in today's argument and what we can hear is that even if the court has jurisdiction and is addressing this order, is there some reason that Judge Erickson and Magistrate Judge Mehron got this wrong? It's a 20-page sanctions order. There's no question that the findings that Mr. Loban clearly neglected his duty and violated the law and is deserving of sanction, that's not in dispute. So if the court reaches the merits, it's a really straightforward, straightforward issue. Thank you. Thank you, Your Honor. I take exception to being called untruthful and for counsel raising the underlying issues, which are not on appeal, the underlying conduct that resulted in sanctions. I've been an attorney for 20 years. I've never been sanctioned. I went to UCLA Law School, I was on law review, I went to University of Virginia. I'm not the kind of lawyer that gets sanctioned. I got sanctioned. You know why? Because my client Manley is completely obnoxious, my former client, and doesn't follow the court's instructions or my advice. So yes, I got caught and I got sanctioned. This is more about Manley than me. If you read the orders, you'll see that. But that's not an issue on this appeal. And I resent him for bringing it up because it's just to cast aspersions at me and make me look like some ungrateful, incompetent attorney, which I'm not. So the issue of why I was sanctioned and the underlying conduct, it was a 30 v. 6 deposition and the court decided, you know what, you should have been better prepared. Fine. The issue here is what did the district court do in those orders and can't we do better? Instead of letting counsel twist in the wind for 19 months to have me pay $20,000 on a tax my family and my future, why don't we hold district courts to a standard that says be clear. Courts do two things. Courts issue injunctions telling parties you can do something or not do something, and courts issue judgments that require people to pay money. Well, then issue a judgment that says Lobin, pay money. You don't even have to put a deadline on it, although that's proper too by a certain time. What did the court do here? It issued sanctions against Manley, my client, and said, oh, by the way, Lobin, you're jointly and severally liable. This was not an order of sanctions against me. Don't courts issue judgments with respect to parties? Yes, and this was sanctioned. But you weren't a party. Right. This was a sanction against Manley, the party. That's why it goes in final judgment. There's a difference between a money judgment and a sanctions order, right? Well, not when it's jointly and several. This was not an independent money sanction against me. This was, oh, Lob, by the way, you're jointly and severally. The main sanction was against Manley, the client. That's why it went into the final judgment. All the court needed to do was say, here's the final judgment. Manley, you pay everything. And oh, by the way, on that $20,000 piece, your attorney's jointly and severally liable. There's your final judgment. The court didn't do that. All the court has is the written word. Please be clear it wasn't. It caused grave impact to me, and I think that deserves a reversal. Thank you, Your Honor. Thank you. We thank both the counsel and the cases submitted.